ADOLPH N. GOETZ ET AL. *v.* GEORGE DIETZ ET AL.

SUPERIOR COURT        LITCHFIELD COUNTY        FILE NO. 14855

Memorandum filed July 18, 1957.

*Davis, Lee, Howard & Wright,* of Hartford, for the plaintiffs.

*John J. Bracken,* attorney general, and *Raymond J. Cannon,* assistant attorney general, both of Hartford, for the defendant state of Connecticut.

TROLAND, J. This is an action for the construction of the will of Augusta Berard Chandler, formerly a resident of New Hartford, who died April 16, 1953, a resident of Newport, Rhode Island, but owning real estate in said town of New Hartford, known as her homestead property. This property consisted of land fronting on state highway route 44, extending to the west bank of the Farmington River, with a dwelling house and outbuildings thereon. Said property was last lived in during the year 1938 and is at present in a very bad state of repair. The barn on said premises was completely demolished by the floods of August and October, 1955, which also entered the house and damaged and weakened the foundations and side-walls thereof.

Augusta Berard Chandler left a last will and testament dated May 31, 1952, which was duly admitted to probate in the Probate Court of Newport, Rhode Island. Ancillary administration on her estate was taken out in the Probate Court for the probate district of New Hartford in February, 1954. On or about December 27, 1954, the account of the ancillary administrator was accepted by said court and the Connecticut administration closed.

The advice of and instruction from the court is requested particularly as to the following paragraphs of the will referred to. The fifth paragraph reads as follows: "I give, devise and bequeath to the North Congregational Church located in New Hartford, Connecticut, my Homestead property, located in said New Hartford, to be used by said Church, if possible, for the purpose of a men's Club of said Church in memory of my grandfather John Cotton Smith; if not feasible, said property may be used

for such uses and purposes as may be designated by the proper officers of said North Congregational Church. I also give and bequeath the sum of Thirty Thousand Dollars ($30,000) to said North Congregational Church for the maintenance and upkeep of said Homestead property." The fifteenth paragraph of said will reads as follows: "All the rest, residue and remainder of my property and estate, real, personal or mixed, wheresoever situate and whensoever or howsoever acquired, whether before or after the execution hereof, or over which I have any power of appointment or disposition whatever, I give, devise and bequeath to said North Congregational Church of New Hartford, Connecticut, for the general purposes of said Church."

On December 28, 1954, a certificate of devise showing passage of title to said homestead property to said church was turned over to the North Congregational Church. On January 24, 1955, the ancillary administrator turned over to the treasurer of the church the sum of $30,000, representing the legacy under paragraph fifth of said will. On March 12, 1955, the executor in Rhode Island turned over to the plaintiff Adolph N. Goetz, as chairman of the board of trustees of the North Congregational Church of New Hartford, the sum of $27,130.01, representing payment in full of the rest, residue and remainder of the estate bequeathed under the fifteenth paragraph of said will.

Through twenty years of disuse and the ravages of time and of the flood the homestead property has deteriorated badly and is in such poor condition that it can only be restored at great and unwarrantable expense, and this condition, together with the location thereof, make it not feasible to use the property as a men's club of the church, or for other purposes for the benefit of the church.

The church desires to sell and convey the land, and with the proceeds, together with other funds, erect another building on its land north of and adjacent to the church, for a parish house, containing rooms for a men's club and other uses and which will serve as a memorial to the decedent's grandfather, John Cotton Smith, to be named the "John Cotton Smith Memorial Parish House." The church has requested advice, instruction and authority from the court in the matter.

It appears to be a close question as to whether the language of the testatrix in the fifth paragraph, indicating a use for the homestead, is precatory or mandatory. However, on examining the whole will, seeking to gather therefrom the general purpose and scope of the instrument, it appears that the testatrix strongly desired and intended to benefit the church by promoting its general purposes, hence the residuary clause, and that she also intended to establish a long-lasting memorial to her grandfather, John Cotton Smith, by providing a property available to the church for one or more of its many related activities, together with a fund for its maintenance which would tend to give long endurance to the memorial. There is no uncertainty as to the property to be devoted to the purpose, or to the persons to be benefited thereby, or as to the manner in which the property is to be applied.

The parties are advised that under the fifth paragraph of the will of Augusta Berard Chandler, she intended to and did create a charitable trust covering and including the real estate and the gift of $30,000. Due to the change in circumstances and in the condition of the real estate since the creation of such trust, it has become impracticable to execute said trust in accordance with the terms of said will and secure the objects manifestly intended by her.

Therefore, the North Congregational Church is hereby authorized and empowered to sell the real estate so held by it, known as the "Homestead" and described in the complaint, and use the proceeds of such sale, together with such other funds as may be or become available for the purpose, in the erection of a new building, on land of said church, adjacent to said church, as a parish house, including therein a room or rooms for a men's club of the parish, said building to be a memorial to the testatrix and her grandfather, to be known as the "John Cotton Smith Memorial Parish House." The $30,000 gift in said fifth paragraph is to be held in trust, by the church, to be safely invested, and the income thereof, except as mentioned hereafter, to be used for maintenance and upkeep of the new building, until by the passage of time, or by chance or some material change in the circumstances, a change in such use to approximate the intention of the testatrix may be authorized hereafter. Such a disposition the court finds will, as nearly as may be, effectuate the intention of the testatrix. *Shannon* v. *Eno,* 120 Conn. 77, 87; General Statutes § 8234.

Some income on this $30,000 has accrued to date, and there will be more prior to the start of construction of the new memorial parish house. The church is hereby authorized to use and apply so much of said income as may accrue prior to the start of construction, as a part of its building fund for said parish house.

The plaintiffs are allowed out of the proceeds of the sale $500 as counsel fees. No costs shall be taxed in favor of any party.